**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street, NW, 7th Floor<br>Washington, D.C. 20006<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br> OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-1771 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES DEPARTMENT OF JUSTICE ("Justice Department" or "the Department"), alleges as follows:

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records sought by CEI's March 14, 2017 FOIA request. CEI's request sought records related to a highly-publicized investigation by the Justice Department's Civil Rights Division of the University of California at Berkeley, and similar investigations of other colleges and universities. CEI's request sought the following documents:

    1. Any inquiries, findings and conclusions, based on investigations under Title II or Title III of the Americans with Disabilities Act of any college, university, media entity,[1] or

---

[1] For purposes of this FOIA request, "media entity" does not include a video programming distributor covered by the captioning requirements of the Telecommunications Act of 1996 (requirements that typically apply to cable operators, satellite distributors, and broadcasters).This FOIA request's reference to "content" includes, but is not limited to, content made available on YouTube, iTunes U, the college or university's own web site or domain on the internet, and the

non-profit entity regarding accessibility of free online audio or video content made available to the public by such entities or their employees, agents or students.

2. Any inquiries, findings and conclusions, based on investigations under Title II or Title III of the Americans with Disabilities Act, of any individual regarding accessibility of free online audio or video content made available to the public by such individual.

3. Any records related to *The United States' Findings and Conclusions Based on its Investigation Under Title II of the Americans with Disabilities Act of the University of California at Berkeley*, DJ No. 204-11-309.

2. Among the records falling within the obvious scope of CEI's FOIA request is any letter notifying the University of California at Berkeley that it was being investigated.

3. Also falling within the scope of CEI's FOIA request are other communications to targets of investigations that they were being the subject of an investigation or other inquiries.

4. Pursuant to Justice Department practice, and the Civil Rights Division's Investigation Procedures Manual, letters are sent to recipients of investigations notifying them when an investigation is being opened.[2]

5. Such letters are customarily deemed to be subject to FOIA and not protected by any FOIA exemption. *See, e.g., Grasso v. IRS*, 785 F.2d 70, 77 (3d Cir. 1986); *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 260 (D.C. Cir. 1982).

6. But in an April 7, 2017 letter from Nelson Hermilla, the Justice Department refused to produce any of the responsive documents, citing 5 U.S.C. § 552(b)(5) & 552(7)(A)&(C).

---

web pages of its faculty, staff, and students. "College or university" includes a consortium consisting largely or entirely of colleges or universities. "Entities" include colleges, universities, media entities, and non-profit entities.

[2] *See, e.g., Tab 16, Investigation Procedures Manual, Civil Rights Division*, https://www.justice.gov/crt/tab-16-investigation-procedures-manual-civil-rights-division (visited, Aug. 28, 2017) (Civil Rights Division to send "Notification to Recipient that you will investigate a complaint"); *Tab 10 of the Investigation Procedures Manual* (specifying content of "letters to the recipient" such as warning against retaliation or "intimidation" of complainant), https://www.justice.gov/crt/tab-10-investigation-procedures-manual (visited Aug. 28. 2017).

7.  The Justice Department refused to produce any of the "records related to the University at

    Berkeley" because they "pertain to an ongoing law enforcement proceeding," alleging with-

    out further explanation that "disclosure thereof could reasonably be expected to interfere

    with law enforcement proceedings."  It also alleged that "certain information within these

    records" was exempt under 5 U.S.C. § 552(b)(5) as attorney work product or pursuant to the

    deliberative process privilege; or under 5 U.S.C. § 552(B)(7)(C)'s privacy exception, but it

    did not claim that such attorney work product or deliberative-process privileges would jus-

    tify withholding the records *in their entirety*.

8.  As a result of the FOIA exemptions cited above, it claimed that "[t]he only records that

    would be available to you at this time would be a public Letter of Findings, the release of

    which would not jeopardize the ongoing enforcement interest. The Letter of Findings can be

    found on our website at https://www.ada.gov/briefs/uc_berkley_lof.pdf."

9.  It did not acknowledge the undoubted existence of any letter notifying the University of Cal-

    ifornia at Berkeley that it was being investigated, much less explain how it could possibly be

    exempt from disclosure.

10. Thus, it has improperly withheld that agency record.

11. Moreover, although the Justice Department's investigation of the University of California at

    Berkeley was highly-publicized, [3] the Justice Department did not identify a single respon-

    sive, non-exempt record that one would expect to occur in such an investigation, such as me-

    dia queries or communications with the general public.

---

[3] *See, e.g.,* Carl Straumsheim, *Berkeley Will Delete Online Content*, Inside Higher Ed, March 6, 2017,
https://www.insidehighered.com/news/2017/03/06/u-california-berkeley-delete-publicly-availableeducational-content; Andrew Ferguson, *Berkeley Goes Offline*, Weekly Standard, March 20, 2017:
http://www.weeklystandard.com/berkeley-goes-offline/article/2007153; Scott Greenfield, *UC Berkeley and the 20,000 Broken Promises*, Simple Justice, March 8, 2017,
http://blog.simplejustice.us/2017/03/08/uc-berkeley-and-the-20000-broken-promises/;

3

12. Thus, it has improperly withheld such records, whose existence it is implausible to deny, and which plainly constitute agency records subject to FOIA.

13. Regarding the remaining categories of records, the Justice failed to produce any records, noting only that "the Civil Rights Division investigated and settled with edX and Miami University. Copies of the settlement agreement and consent decrees are located on the Civil Rights Division's website at https://www.ada.gov/edx_sa.htm, and https://www.ada.gov/enforce_current.htm#TitleII."

14. The Justice Department did not explain how the settlement agreement and consent decrees could be the only responsive records in these cases, given that the FOIA request sought "[a]ny inquiries," not merely the ultimate "findings" or "conclusions," in such investigations, and given that it sought all inquiries by the Department pursuant to Title II or III of the Americans with Disabilities Act, regardless of whether or not they led to any findings or conclusions.

15. It is simply implausible to argue that no such records exist.[4]

16. By failing to conduct an adequate search for such agency records, it has improperly withheld them.[5]

17. On April 18, 2017, CEI appealed the denial in a letter from CEI attorney Hans Bader.

---

Robby Soave, *Department of Justice: If Disabled People Can't Use Berkeley's Free Online Courses, No One Can*, Reason, Sept. 19, 2016, http://reason.com/blog/2016/09/19/department-of-justice-if-disabledpeople.

[4] *See ACLU v. CIA*, 710 F.3d 422, 430 (D.C. Cir. 2013) (ruling it was neither "logical" nor "plausible" for agency to deny having any records related to matter it publicly discussed); *CEI v. EPA*, 67 F.Supp.3d 23, 34 (D.D.C. 2014) (implausible to suggest that none of a large number of records were subject to the Federal Records Act).

[5] *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 698 (9th Cir. 2012) (dismissal on motion to dismiss is inappropriate where "the agency produces what it maintains is all the responsive records, but the plaintiff challenges 'whether the [agency's] search for records was adequate'").

As that letter noted in part,

> Given the breadth of these categories, it is simply implausible that no non-exempt records exist.[1] This is especially true with regard to the third category, since it is implausible that a major investigation that results in press coverage will not have even a few non-exempt records associated with it.[2] The Berkeley investigation was a highly-publicized one[3] that [presumably] involved press inquiries to the Civil Rights Division or other communications that obviously are not privileged,[4] and cannot be withheld.

> This categorical withholding of records by the Civil Rights Division was also improper in light of the public interest in that investigation and related matters. *See CREW v. DOJ*, 746 F.3d 1082 (D.C. Cir. 2014) (because of significant public interest in "FBI's and DOJ's investigation of" Tom DeLay, DOJ could not rely on categorical withholdings under exemptions 6 and 7(C)).

> Mr. Hermilla's conclusory assertion that the records' release could somehow interfere with law enforcement proceedings was insufficient to meet an agency's burden of demonstrating harm from disclosure. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 235 (1978) ("Exemption 7 permit[s] nondisclosure" only where "one of the six enumerated harms" "applies"; agency must show it "has met its burden of demonstrating" harm). "In addition to demonstrating that the documents relate to an active, ongoing investigation, the government must also demonstrate the ways in which disclosure could reasonably be expected to interfere [with] a particular proceeding." Henry A. Hammitt, et al., *Litigation Under the Federal Open Government Laws 2010* at pg. 227, *citing Campbell v. HHS*, 682 F.2d 256 (D.C. Cir. 1982); *Center for Auto Safety v. DOJ*, 576 F.Supp. 739 (D.D.C. 1983).

> Not all harms suffice to justify a withholding under Exemption Seven; if a harm is sufficiently attenuated or outweighed by the public interest in disclosure, it cannot be withheld. *See, e.g., Goodrich Corp. v. U.S. E.P.A.*, 593 F.Supp.2d 184 (D.D.C. 2009) ("civil litigation [or discovery] advantage" to target company "potentially realized by production of a document is [not] enough to warrant protection under Exemption 7(A)").

> The conclusory and threadbare nature of Mr. Hermilla's assertion, and the absence of any meaningful explanation of what harm could occur due to production of the responsive records, suggests the absence of any meaningful harm to any law enforcement or privacy interests.[5]

> Given that the responsive records involve "inquiries" – communications to third parties – it is also implausible that the responsive records can be withheld under 5 U.S.C. § 552(b)(5), which only covers "intra-agency" or "inter-agency" records, not records with parties outside the federal government, whether it is with private parties or institutions, state or local governments, or other non-executive-branch entities (including public universities).[6]

> Mr. Hermilla's letter also fails to justify the decision to withhold the responsive records in their entirety, rather than producing them in redacted form, as FOIA requires. Under 5 U.S.C. § 552(b), any "reasonably segregable" information must be disclosed, even if the document is otherwise exempt from disclosure. *Trans–Pacific Policing v. U.S. Customs*

*Serv.*, 177 F.3d 1022, 1028 (D.C.Cir.1999); *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). An agency must provide a "detailed justification," not just "conclusory statements" to demonstrate that it has released all reasonably segregable information. *Mead Data*, 566 F.2d at 261.

18. Although FOIA requires an agency to rule on administrative appeal "within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal," 5 U.S.C. § 552(a)(6)(A)(ii), defendant did not so. Instead, it took more than two months to rule on CEI's administrative appeal.

19. In a letter dated July 3, 2017 from Sean R. O'Neill, the Justice Department denied CEI's appeal, "affirming, on partly modified grounds."  It relied solely on 5 U.S.C. § 552(b)(7)(A) to withhold responsive records, noting that "This response only invokes Exemption 7(A) of the FOIA," rather than Exemption 5 and Exemption 7(C) as the April 7, 2017 determination challenged by CEI had done. "As to item (3) of your request, CRT properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision." It did not explain what harm disclosure would cause, even though Exemption 7(A) of FOIA authorizes the withholding of "records or information compiled for law enforcement purposes…only to the extent that production of such law enforcement records or information…could reasonably be expected to interfere with enforcement proceedings." *See* 5 U.S.C. § 552(b)(7)(A).

20. It also rejected CEI's argument that the Department had failed to identify all responsive records, saying, "As to your appeal concerning the adequacy of CRT's search for responsive records subject to the FOIA, I have determined that CRT's response was correct and that it

conducted an adequate, reasonable search for such records." It did not explain where the Department had searched for documents, which employees had conducted the search, which employees' records had been searched, or how the search had been conducted.

21. An investigation of a college or university such as those covered by CEI's request will inherently involve many communications sent to or from the institution (such as the letter informing the college of the investigation against it, and investigatory letters demanding information from a college, or threatening it with sanctions or informing it of a complaint against it). Such communications are not exempt and thus must be disclosed, because they are already "in the possession" of the target of the investigation, *Grasso v. IRS*, 785 F.2d 70, 77 (3d Cir. 1986), and disclosing them will not "reveal the direction of the investigation" to the target "or alert it to anything it does not know already." *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 260 (D.C. Cir. 1982). Thus, there is no cognizable harm for purposes of Exemption 7(A) of FOIA.

22. It was improper for the Justice Department to withhold such records regarding the investigation of the University of California at Berkeley.

23. It is also wholly unbelievable that no such records exist as to the remaining categories of records sought by CEI's request, making it evident that the Justice Department failed to conduct an adequate search for records before asserting that no responsive records existed.

24. Thus, the Justice Department has improperly withheld agency records.

25. As a result of the denial of its FOIA request, and the denial of its administrative appeal, CEI has exhausted its administrative remedies, and thus may seek judicial review, through this lawsuit to compel the Justice Department to produce the responsive records. *See, e.g.,* 5 U.S.C. §552(a)(4)(B)&(6)(C)(i)).

## PARTIES

26. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedi-
cated to advancing responsible regulation. CEI's programs include research, investigative
journalism and publication, as well as a transparency initiative seeking public records.

27. Defendant Department of Justice is a federal agency headquartered in Washington, D.C.

## JURISDICTION and VENUE

28. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought
in the District of Columbia, and because plaintiff is located in the District.  Furthermore, ju-
risdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA
presents a federal question.

29. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) be-
cause defendant is an agency of the United States.

## ADDITIONAL ALLEGATIONS

30. In its FOIA request, CEI asked that defendant issue a fee waiver on multiple alternative
grounds. CEI sought a fee waiver based on disclosure being in the public interest (citing 5
U.S.C. § 552(a)(4)(iii) & 28 C.F.R. 16.11(d)(1) &(k)(2)), and based on CEI being a media
entity.[6]  Alternatively, CEI requested that defendant "waive charges for the first 100 pages
and first two hours of searchtime, pursuant to 28 C.F.R. 16.11(d)(3)&(k)(2)." CEI also cited
a past waiver of fees granted to CEI by the EPA.

---

[6] CEI cited *EPIC v. DOD*, 241 F.Supp.2d 5 (D.D.C. 2003) (court ruled that the publisher of a bi-weekly
electronic newsletter qualified as the media, entitling it to a waiver of fees on its FOIA request) and *For-
est Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173, 1181-82 (10th Cir. 2005) (fee waiver granted for
group that "aims to place the information on the Internet"; "Congress intended the courts to liberally
construe the fee waiver requests of noncommercial entities").

30. Defendant never addressed that fee waiver, either in Mr. Hermilla's March 16 letter acknowledging receipt of CEI's FOIA request, or in his April 7 letter denying it, or in Mr. O'Neill's untimely July 3 letter denying CEI's administrative appeal.

31. Defendant has not asserted or preserved any right to charge search or duplication fees for responding to CEI's FOIA request, in the event that this Court orders a more complete response.

32. Due to its failure to timely respond to CEI's fee waiver request, defendant cannot seek any fees for responding to CEI's FOIA request.  Due to its failure to comply with time limits governing CEI's administrative appeal, it also cannot charge CEI fees. *See Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011)("'an agency shall not assess search fees . . . if the agency fails to comply with any time limit' of FOIA.'").

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
#### Declaratory Judgment

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. The Justice Department has violated FOIA, by improperly refusing to provide the records responsive to CEI's FOIA request.

35. CEI has a statutory right to the document it seeks, without being assessed fees.

36. Plaintiff asks this Court to enter a judgment declaring that:

    i.  Defendant improperly withheld agency records covered by CEI's FOIA request;

    ii. The requested records are agency records subject to release under

       FOIA;

    iii. Defendant's refusal to produce the requested records was unlawful.

iv. Defendant is not entitled to charge any fees for producing the records or responding to

CEI's request.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

37. Plaintiff re-alleges paragraphs 1-36 as if fully set out herein.

38. CEI is entitled to injunctive relief compelling defendant to produce the records sought by

CEI's FOIA request.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

39. Plaintiff re-alleges paragraphs 1-38 as if fully set out herein.

40. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasona-

ble attorney fees and other litigation costs reasonably incurred in any case under this section

in which the complainant has substantially prevailed.

41. CEI is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal

to fulfill the FOIA request at issue in this case.

42. Plaintiff asks the Court to order defendant to pay reasonable attorney fees and other litigation

costs reasonably incurred in this case.

Respectfully submitted this 30th day of August, 2017,

　　/s/ Hans Bader＿＿＿
Hans Bader
D.C. Bar No. 466545
Sam Kazman
D.C. Bar No. 946376
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-2278


ATTORNEYS FOR PLAINTIFF